UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE MEACHEM,

                              Movant,

          - against -

UNITED STATES OF AMERICA,

                              Respondent.

**ORDER**

18 Civ. 5097 (PGG)

20 Civ. 4285 (PGG)

14 Cr. 726 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On May 31, 2018, Tyrone Meachem filed a petition pursuant to 28 U.S.C. § 2255, seeking an order vacating his conviction for using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A), arguing that the record did not demonstrate that he had "knowledge of any weapon(s) being present, during the commission or in relation to a crime."  (Pet. (Dkt. No. 1), 18 Civ. 5097)  Meachem also appears to argue that he received ineffective assistance of counsel.  (Id.)

        On July 11, 2019, Meachem submitted a letter contending that his Section 924(c)(1)(A) conviction should be vacated under United States v. Davis, 139 S. Ct. 2319, 2336 (2019), because the Hobbs Act robbery conspiracy that was the predicate for his Section 924(c)(1)(A) conviction can no longer be considered a "crime of violence."  (Meachem July 11, 2019 Ltr. (Dkt. No. 135)

        The Court concludes that Meachem's Section 924(c)(1)(A) conviction cannot stand in light of Davis.  Accordingly, Meachem's petition will be granted to the extent that the Section 924(c)(1)(A) conviction will be vacated, and Meachem will be resentenced.

## BACKGROUND

### I.      OFFENSE CONDUCT AND INDICTMENT

In September 2014, a cooperating witness told the Drug Enforcement Agency ("DEA") about a man he knew as "Love" – later identified as Meachem's co-defendant, Nakai Lamar – who committed robberies, sold crack cocaine and marijuana, and had access to guns. (Cmplt. (Dkt. No. 1) ¶¶ 8, 10)  At the direction of the DEA, the cooperating witness called Lamar to discuss robbing a fictional drug dealer of a fictional drug shipment.  (Id. ¶ 9)  Lamar agreed to commit the robbery, and said that he had a minivan and firearms with which to commit the robbery.  (Id. ¶¶ 12-13)

On October 20, 2014, the cooperating witness met with Lamar, Meachem, and their co-defendant, Chago Haynes, to discuss the robbery.  (Id. ¶ 14)  Lamar had recruited Meachem and Haynes to commit the robbery.  The cooperating witness told the defendants that the purported target of the robbery would have 14 kilograms of cocaine and 4 kilograms of heroin.  (Id.)  Lamar, Meachem, Haynes and the cooperator discussed how they would conduct the robbery.  (Id.)

Surveillance agents observed Lamar enter a building in the Bronx and emerge with an FAO Schwarz bag, which he handed to Haynes.  Lamar instructed Haynes to put the bag into a Nissan Altima.  (Id.)  Lamar then got into another car with the cooperating witness, while Meachem and Haynes followed in the Nissan Altima, with the firearms.  (Id. ¶ 15)  The cars drove to a pre-arranged location, where Meachem and his co-defendants were surrounded by agents and placed under arrest.  (Id.)  Inside the FAO Schwarz bag, agents recovered a loaded .22 caliber handgun and a loaded .32 caliber handgun.  (Id.)  Meachem and Haynes were also found in possession of gloves, which Meachem later said would be used to avoid leaving fingerprints.

2

Meachem also admitted to agents that he knew he was en route to commit a robbery of cocaine. (Id. ¶ 16)

On October 31, 2014, Meachem was charged with conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Indictment (Dkt. No. 9) Count One, 14 Cr. 726); with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (id. Count Two); and with using or carrying a firearm during and in relation to (1) a drug trafficking crime – the narcotics conspiracy charged in Count One – and (2) a crime of violence – the robbery conspiracy charged in Count Two – in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Id. Count Three)

## II.    GUILTY PLEA

On May 27, 2016, Meachem pleaded guilty before Magistrate Judge Gabriel W. Gorenstein to Counts Two and Three of the Indictment.  Judge Gorenstein described the charges as follows:

> The charge in Count 2 is that you and others agreed to commit an armed robbery of individuals believed to be engaged in narcotics trafficking, and the charge in Count 3 is that, in relation to that charge, the robbery conspiracy, that you used or carried a firearm, or in furtherance of the crime possessed a firearm, or aided and abetted the use, carrying, or possession of a firearm.

(Plea Tr. (Dkt. No. 101) at 5, 14 Cr. 726)  In summarizing the elements of the 924(c) offense, the Government stated,

> There are two elements of the crime charged in Count 3.  First, that the defendant committed a crime of violence or a drug trafficking crime for which he might be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count 1 and the Hobbs Act robbery conspiracy charged in Count 2; second, that the defendant knowingly used or carried a firearm during and in relation to the commission of or knowingly possessed a firearm in furtherance of that crime of violence or drug trafficking crime.

(Id. at 11-12)

3

Meachem then gave the following factual allocution in response to Judge

Gorenstein's questions:

THE COURT:  Mr. Meachem, can you tell me what it is you did that makes you guilty of these charges?

THE DEFENDANT:  Myself, along with others, conspired to commit a robbery, and there were guns involved.

THE COURT:  You were going to rob someone of drugs; is that right, sir?  Illegal drugs or something else?

THE DEFENDANT:  Drugs.

THE COURT:  Illegal drugs.

THE DEFENDANT:  Mm-hmm.

THE COURT:  I need a yes or no.

THE DEFENDANT:  Yes.

THE COURT:  You had an agreement with other people that you were going to do this?

THE DEFENDANT:  Yes.

THE COURT:  Was the plan to either use violence or threaten violence?

THE DEFENDANT:  Yes.

THE COURT:  Let me ask you about the gun. Did someone have the gun, or did you have the gun?

THE DEFENDANT:  No, I didn't have it.

THE COURT:  Someone else had it?

THE DEFENDANT:  That's what it says, yes. Yes.

THE COURT:  And did you know they had a gun?

THE DEFENDANT:  Yes.

THE COURT:  And that gun was to be used, if necessary, as part of the robbery?

THE DEFENDANT:  Yes.

THE COURT:  Where was this robbery?  Manhattan?

THE DEFENDANT:  The Bronx.

THE COURT:  And this was in 2014, sir?

THE DEFENDANT:  Yes.

THE COURT:  Anything else from the government?

THE GOVERNMENT:  No.  Thank you, your Honor.

(Id. at 12-14)

   This Court accepted Meachem's guilty plea on June 30, 2016.  (June 30, 2016

Order (Dkt. No. 104), 14 Cr. 726)

## III. <u>SENTENCING</u>

   Sentencing took place on November 30, 2016.  At that time, the Court made the

following findings concerning the Sentencing Guidelines:  "as to Count Two . . . the offense level

is 18, [the] criminal history category is IV, [and] the recommended sentencing range is 41 to 51

months' imprisonment.  Considered together with the mandatory 60-month consecutive sentence

required under Count Three, the applicable guidelines range is 101 to 111 months'

imprisonment."  (Sentencing Tr. (Dkt. No. 129) at 12, 14 Cr. 726)  This Court sentenced

Meachem to time served on Count Two and 60 months on Count Three, with those terms to run

consecutively.  The Court noted that the "25 months [Meachem] has spent in detention [pre-

sentencing] constitute the time-served sentence that I intend to impose on Count Two, and the 25

months he has already served will not be credited to the sentence on Count Three."  (Id. at 22,

30)  According to the Bureau of Prisons' website, Meachem's projected release date is September

3, 2021.

## IV. <u>PROCEDURAL HISTORY</u>

   Meachem filed a Section 2255 petition on May 31, 2018.  (Pet. (Dkt. No. 1), 18

Civ. 5097)  In his petition, Meachem argues that he is entitled to "relief as to the violation of 18

U.S.C. § 924(c)(1)(A)" in light of <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018).  Meachem argues

that, "[b]ased on application of relevant conduct, and 18 U.S.C. § 16(b), [P]etitioner's

foreseeability along with reasonableness fell below an objective standard to possess or have

knowledge of any weapon(s) being present, during the commission or in relation to a crime."

(<u>Id.</u> at 1)  Meachem also contends that his lawyer provided ineffective assistance:  "counsel's

determination without addressing each specific charge as to culpability has constituted a defect in

integrity of a plea agreement with roles of relevant conduct, such as a minor role reduction. . . .

Had counsel objected to the ground the petitioner is presumed innocent until facts prove him

guilty of possession of a firearm in relation to a crime, there is no reasonable doubt of a different

outcome in the[] sentencing guidelines determination and sentence."  (<u>Id.</u> at 2)

   The Government filed a brief opposing the petition on August 20, 2018.  (Govt.

Opp. Br. (Dkt. No. 134), 14 Cr. 726)  The Government argued that Meachem was not entitled to

relief because (1) "[t]he Second Circuit has not decided whether Section 924(c)(3)(B) suffers the

same vagueness problems at issue in . . . <u>Dimaya</u>"; and (2) "[t]he narcotics conspiracy charge in

Count One was a sufficient and independent predicate for Meachem's guilty plea to and

conviction for the 18 U.S.C. 924(c) charge in Count Three," and accordingly "th[is] Court need

not reach the question of whether a Hobbs Act conspiracy qualifies as a crime of violence under

18 U.S.C. § 924(c)."  (<u>Id.</u> at 13)

   As to Meachem's ineffective assistance of counsel claim, the Government argues

that "[i]n the Plea Agreement, Meachem waived his right to file a direct appeal or bring a

collateral challenge pursuant to 28 U.S.C. § 2255 . . . ."  (<u>Id.</u> at 16)  The Government also argues

that the claim is time-barred, noting that "[a]fter Meachem filed a timely Notice of Appeal, he

moved to withdraw his Notice of Appeal on March 9, 2017, and that motion was granted on

March 8, 2017.  Even allowing for one year after his Notice of Appeal was withdrawn,

Meachem's deadline for filing the instant motion based on an ineffective assistance of counsel claim was March 8, 2018."  (Id. at 17)  As to the merits of Meachem's claim, the Government argues that Meachem did not qualify for a two-level minor role reduction and, in any event, granting such a reduction would result in a Guidelines range of 93 to 101 months' imprisonment, and this Court's effective sentence of 85 months' imprisonment is below that range.  (Id. at 18)

On June 24, 2019, the Supreme Court issued its decision in United States v. Davis, holding that 18 U.S.C. § 924(c)(3)(B) – in which "crime of violence" is defined – is unconstitutionally vague.  United States v. Davis, 139 S. Ct. 2319, 2336 (2019).

On July 11, 2019, Meachem filed a letter arguing that "due to the Supreme Court's recent ruling in Davis, the 60-months [sentence] as to the § 924(c) offense is invalid and can no longer continue to stand . . . because conspiracy to commit Hobbs Act robbery is no longer considered . . . a violent crime."  (July 11, 2019 Pet. Ltr. (Dkt. No. 135) at 2, 14 Cr. 726)  On April 6, 2020, Meachem filed an additional letter, which again notes the ruling in Davis and requests "that he be resentenced to an advisory guidelines range of 41-51 months' imprisonment" for the Hobbs Act robbery charge.  (Apr. 6, 2020 Pet. Ltr. (Dkt. No. 137) at 2, 14 Cr. 726)

On May 28, 2020, Meachem filed a "writ of mandamus" with this Court seeking an order directing "the district court to show cause why [his] 2255 [petition] should not be granted."  (May 28, 2020 Pet. Ltr. (Dkt. No. 141) at 1, 14 Cr. 726; see also Pet. (Dkt. No. 1), 20 Civ. 4285)

## DISCUSSION

### I.   LEGAL STANDARD

28 U.S.C. § 2255 provides, in relevant part, that "[a] prisoner in custody under sentence of a [Federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the

sentence . . . is otherwise subject to collateral attack, may move the court which imposed the

sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "Relief under section

2255 is available only 'for constitutional error, lack of jurisdiction, or an error of law or fact that

constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'"

Rosa v. United States, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2001) (quoting Graziano v. United

States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks and citations omitted)).

   The court must "liberally construe pleadings and briefs submitted by pro se

litigants, reading such submissions to raise the strongest arguments they suggest."  Bertin v.

United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).

   Rule 11 of the Federal Rules of Criminal Procedure sets forth requirements for a

plea allocution and "is designed to ensure that a defendant's plea of guilty is a voluntary and

intelligent choice among the alternative courses of action open to the defendant."  United States

v. Renaud, 999 F.2d 622, 624 (2d Cir. 1993) (citations and quotations omitted).  Rule 11 requires

that the court "inform the defendant of, and determine that the defendant understands . . . the

nature of each charge to which the defendant is pleading . . . ." Fed. R. Crim. P. 11(b).  Further,

"the court must determine that there is a factual basis for the plea."  Id.  "A variance from the

requirements of this rule is harmless error if it does not affect substantial rights."  Fed. R. Crim.

P. 11(h).  Harmless error includes "such minor errors as a modest understatement of the

maximum penalty, where the penalty actually imposed did not exceed the maximum as

erroneously represented by the court."  Renaud, 999 F.2d at 624-25.

## II. <u>ANALYSIS</u>

   To the extent that Meachem challenges his conviction for conspiracy to commit

Hobbs Act robbery, his petition is denied.  Meachem's factual allocution establishes that he

agreed with others to rob someone of drugs, and that he knew that a gun would be used to

commit the robbery.  There is no basis to find that the plea was insufficient or that Meachem's lawyer was constitutionally ineffective.

Meachem also argues, however, that his Section 924(c)(1)(A) conviction cannot stand in light of Davis, because the predicate offense is conspiracy to commit Hobbs Act robbery, which can no longer be considered a "crime of violence."  (July 11, 2019 Pet. Ltr. (Dkt. No. 135) at 2, 14 Cr. 726; Apr. 6, 2020 Pet. Ltr. (Dkt. No. 137) at 2, 14 Cr. 726)

The Government argues that "[t]he narcotics conspiracy charge in Count One was a sufficient and independent predicate for Meachem's guilty plea to and conviction for the 18 U.S.C. 924(c) charge in Count Three. . . ."  (Govt. Opp. Br. (Dkt. No. 134) at 13, 14 Cr. 726) Based on the plea transcript, it appears that the Government intended for both the narcotics conspiracy and the Hobbs Act robbery conspiracy to serve as predicate offenses for the Section 924(c) offense.  (Plea Tr. (Dkt. No. 101) at 5, 14 Cr. 726)  Given the facts set forth in the Complaint, it also appears likely that the conspirators intended to distribute the multi-kilogram quantities of cocaine and heroin they intended to steal from the fictional drug dealer.  (Cmplt. (Dkt. No. 1))

At the allocution, however, the Government did not ask Judge Gorenstein to elicit facts concerning a plan to distribute the kilogram quantities of drugs that the defendants planned to steal.  While Meachem admitted that he and his co-conspirators intended to "rob someone of [illegal] drugs," he did not allocute to any agreement to distribute the narcotics that would be stolen.  (Id. at 13)  Accordingly, Meachem's Section 924(c) conviction cannot be salvaged on the basis that he admitted to both a drug trafficking crime predicate and a "crime of violence" predicate.

Meachem's Section 924(c)(1)(A) conviction cannot stand in light of Davis.  See United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019) ("We are obliged to vacate

9

[defendant's Section 924(c)] conviction because <u>Davis</u> precludes us from concluding, as we did in our original opinion, that [defendant's] Hobbs Act robbery conspiracy crime qualifies as a 924(c) crime of violence.").  Accordingly, Meachem's Section 924(c) conviction will be vacated.

### III.    MEACHEM'S MANDAMUS FILING

On May 28, 2020, Meachem mistakenly filed a "writ of mandamus" with this Court.  Meachem asks "the district court to show cause why [his] 2255 [petition] should not be granted."  (May 28, 2020 Pet. Ltr. (Dkt. No. 141) at 1, 14 Cr. 726; <u>see</u> <u>also</u> Pet. (Dkt. No. 1), 20 Civ. 4285)

Meachem's mandamus petition should have been filed with the United States Court of Appeals for the Second Circuit.  Accordingly, this Court will transfer the mandamus petition to the Second Circuit for want of jurisdiction.  The mandamus petition should be deemed filed "as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."  28 U.S.C. § 1631.

### CONCLUSION

For the reasons stated above, Meachem's petition under 28 U.S.C. § 2255 to vacate his Section 924(c)(1)(A) conviction is granted.  (Pet. (Dkt. No. 1), 18 Civ. 5097)

The Clerk of the Court is directed to transfer Meachem's mandamus petition to the United States Court of Appeals for the Second Circuit.  (May 28, 2020 Pet. Ltr. (Dkt. No. 141), 14 Cr. 726; Pet. (Dkt. No. 1), 20 Civ. 4285)  The Clerk of Court is directed to close the cases.  (18 Civ. 5097, 20 Civ. 4285)

Meachem will be resentenced on **August 17, 2020 at 4:00 p.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. The Probation Department is directed to prepare a supplemental pre-sentence investigation

report.  The Government is directed to have Meachem produced to Magistrate's Court for assignment of CJA counsel once Meachem is returned to this District.  The Government's submission regarding resentencing is due on **July 28, 2020**.  Meachem's submission regarding resentencing is due on **August 4, 2020.**

> Copies mailed by Chambers.

Dated: New York, New York
          June 8, 2020

> SO ORDERED.
>
> _____
> Paul G. Gardephe
> United States District Judge

11